United States District Court
Southern District of Texas
**ENTERED**
November 19, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHANNING ALLEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18–CV–00305 |
| | § | |
| W&T OFFSHORE, INC.; | § | |
| W&T ENERGY VI, LLC; and STABIL | § | |
| DRILL SPECIALTIES, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Before me is Defendant Stabil Drill Specialties, LLC's Motion to Compel Arbitration, Stay During the Pendency of This Motion, and to Dismiss ("Motion to Compel Arbitration"). *See* Dkt. 42. United States District Judge Jeffrey V. Brown referred this motion to me for consideration. *See* Dkt. 48.

For the reasons set forth below, I **RECOMMEND** that the Motion to Compel Arbitration be **GRANTED**.

### BACKGROUND

This lawsuit arises out of personal injuries Plaintiff Channing Allen ("Allen") suffered on June 26, 2018, while working on a drilling platform owned and/or operated by W&T Offshore, Inc. and W&T Energy VI, LLC (collectively, "W&T"). According to the First Amended Complaint, Allen was injured as he "was pulling a mud bucket back to put [it] into place." Dkt. 18 at 2. As Allen was working, "the air hoist operator brought the

mud bucket down too soon, the mud bucket was not safely secured by straps which caused it to swing around and suddenly strike" Allen. *Id.* Allen "suffered injuries to his finger and hands as a result that caused his finger to be amputated." *Id.*

Allen brought this lawsuit against W&T and Stabil Drill Specialties, LLC ("Stabil"), alleging negligence and gross negligence against all the defendants and strict products liability against Stabil. Stabil allegedly designed, manufactured, and marketed the mud bucket at issue.

At the time of the incident in dispute, Allen worked for Nabors Offshore Corporation, a subsidiary of Nabors Industries, Inc. (collectively "Nabors"). Nabors has an arbitration agreement with its employees known as the Nabors Dispute Resolution Program (the "DRP"). On August 8, 2017, Allen agreed in writing to submit all claims related to or arising out of his employment with Nabors to binding arbitration pursuant to the DRP.

The DRP provides the exclusive mechanism for resolving disputes between the "Company and Company's present and former Employees." Dkt. 24-1 at 1. The DRP defines "Company" to include Nabors, "any entity or person alleged to have joint and several liability concerning any Dispute," and any Electing Entity. *Id.* Electing Entity is broadly defined as "any legal entity that has agreed to be bound by the [DRP] as provided herein." *Id.* at 2.

Several months ago, W&T asked me to compel Allen to arbitrate the claims he raised against W&T in this lawsuit in accordance with the DRP. W&T argued that it had a right to compel arbitration on a third-party beneficiary theory because the DRP applies

2

to all Electing Entities, and W&T is an Electing Entity. I agreed with W&T and compelled Allen to arbitrate his claims against W&T. *See Allen v. W&T Offshore, Inc.*, No. 3:18-CV-00305, 2019 WL 2996695 (S.D. Tex. July 1, 2019).

Now, Stabil has filed a Motion to Compel Arbitration, asking me to force Allen to arbitrate his claims against Stabil in accordance with the DRP. Stabil takes the position that it is a third-party beneficiary of the DRP for two independent reasons: (1) it is an entity alleged to have joint and several liability with W&T concerning this dispute; and (2) it is an Electing Entity under the DRP.

## ANALYSIS

In Texas, "a person who is not a party to the [arbitration] agreement can compel arbitration with one who is, and vice versa." *Meyer v. WMCO-GP, LLC*, 211 S.W.3d 302, 305 (Tex. 2006) (footnote omitted). The Texas Supreme Court has recognized six theories that allow non-signatories to enforce arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 633 (Tex. 2018). At issue here is whether the third-party beneficiary doctrine allows Stabil the right to enforce the arbitration agreement contained in the DRP.

It is well-established that a third party may enforce a contract "when the parties to the contract entered the agreement with the clear and express intention of directly benefitting the third party." *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011). *See also Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). "[S]ignatories to an arbitration agreement may identify other parties in their agreement who may enforce arbitration as

3

though they signed the agreement themselves." *In re Rubiola*, 334 S.W.3d 220, 226 (Tex. 2011). In determining whether the parties to a contract intended to benefit a third party, courts look to the entire agreement, giving effect to all of its provisions. *See City of Hous. v. Williams*, 353 S.W.3d 128, 145 (Tex. 2011). "Although a third party must be more than an incidental beneficiary, a beneficiary is not required to show that the parties executed the contract solely for its benefit." *In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 776 (Tex. App.—Beaumont 2008, pet. denied). A third-party beneficiary may be identified by class or category of persons in the arbitration agreement, all of whom may not be known to the parties at the time of execution. *See ConocoPhillips Co. v. Graham*, No. 01-11-00503-CV, 2012 WL 1059084, at *6 (Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.).

Stabil's first argument is that it has the right to compel arbitration as a third-party beneficiary of the DRP because the DRP expressly extends to "any entity or person alleged to have joint and several liability concerning any Dispute." Dkt. 42-1 at 2. "Dispute" is specifically defined by the DRP to include "any personal injury allegedly incurred in or about a Company workplace or in the course and scope of an Employee's employment." *Id.* at 3. Alabama law, which governs Allen's personal injury claims against Stabil and W&T, provides that "[j]oint tort-feasors are jointly and severally liable for the entire damage sustained" by the plaintiff. *Yancey v. Farmer*, 472 So.2d 990, 992 (Ala. 1985). Thus, Stabil contends that "non-signatories like Stabil can avail themselves to arbitration under the DRP when, as in this case, the allegations of a Nabors employee such as Mr. Allen implicate joint and several liability concerning any dispute covered by the DRP." Dkt. 47 at 4. Allen does not respond to this argument at all. After considering the matter,

4

I see no reason to second-guess Allen's decision to be bound by the DRP and its express authorization that an entity alleged to have joint and several liability for a personal injury claim be allowed to compel arbitration. Accordingly, I find Stabil a third-party beneficiary under the DRP entitled to force Allen to arbitration.

Although I have already determined that arbitration is appropriate based on the joint and several liability language in the DRP, I do want to address the second argument Stabil advances for compelling arbitration under a third-party beneficiary theory. Stabil argues that it has a right to compel arbitration under a third-party beneficiary theory because the DRP applies to all Electing Entities and Stabil is an Electing Entity. As I have already mentioned, the DRP unmistakably provides that Electing Entities can force Nabors's employees injured while performing their job duties to arbitrate any personal injury dispute.

To qualify as an Electing Entity, non-signatories to the DRP may make an election to be bound by the DRP "by written agreement with [Nabors]." Dkt. 42-1 at 6. It is undisputed that Nabors and Stabil have agreed to an Electing Entity Agreement, which expressly provides that "Stabil is an Electing Entity as to all Disputes between Stabil and the present and former Employees . . . of Nabors pursuant to the Nabors Dispute Resolution Program as it currently exists and as may be amended from time it time." Dkt. 47-1 at 5. The Electing Entity Agreement further provides that "Stabil understands that it is bound

5

by the terms for the Program with respect to all Disputes with Nabors'[s] employees, regardless of whether such Dispute is initiated by the employee or by Stabil." *Id.*[1]

Although the Electing Entity Agreement was not signed until November 4, 2019, more than a year after the injury giving rise to this lawsuit occurred, there is no legal impediment prohibiting Stabil and Nabors from entering into the Electing Entity Agreement after a dispute arises with an employee. Indeed, the law is clear that a third-party beneficiary need not be expressly identified by name in the agreement. *See* RESTATEMENT (SECOND) OF CONTRACTS § 308 (AM. LAW INST. 1981) ("not essential . . . that [intended beneficiary] be identified when the contract containing the promise was made"). The arbitration provision must only identify the "class or category of persons" entitled to enforce arbitration. *ConocoPhillips*, 2012 WL 1059084 at *6. That requirement is easily satisfied here: the DRP clearly and unambiguously indicates that those who meet the definition of an Electing Entity should be entitled to pursue arbitration.

I previously held that W&T was an Electing Entity authorized to compel arbitration as a third-party beneficiary under the DRP, and there is nothing particular about Stabil's status that counsels against a third-party beneficiary finding here. To the contrary, Stabil's "right to enforce the arbitration agreements is necessary to effectuate one of [Nabors's] apparent intended purposes in entering into the agreement: arbitration of not only the

---

[1] Stabil seeks leave to file several documents in support of the Motion to Compel Arbitration that did not exist at the time the original motion was filed. Those exhibits are the Electing Entity Agreement and an indemnity demand. *See* Dkt. 47-1. I find that good cause exists to allow these documents to be considered as part of the record when deciding the Motion to Compel Arbitration.

employee's claims against [Nabors] but also the employee's claims against [Nabors's] clients, whom [Nabors] has, at least in some cases, agreed to indemnify and defend in such matters." *ConocoPhillips*, 2012 WL 1059084, at *7. This reasoning is particularly appropriate here since Nabors has agreed to defend and indemnify Stabil with respect to Allen's claims. I, therefore, find that Stabil, as an Electing Entity, is a third-party beneficiary entitled to enforce the arbitration provision contained in the DRP.

To recap, I have determined that arbitration is appropriate under two independent third-party beneficiary theories— (1) by allegations of joint and several liability; and (2) as an Electing Entity. Exercising my discretion, I recommend that the case against Stabil be dismissed with prejudice, allowing Allen to proceed with arbitration proceedings as required by the DRP.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that Stabil's Motion to Compel Arbitration (Dkt. 42) be **GRANTED**.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED at Galveston, Texas, this 19th day of November, 2019.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE